IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. CARTER,            )<br>          Petitioner,          )<br>                                         )<br>          v.                             )<br>                                         )<br>UNITED STATES OF AMERICA,    )<br>          Respondent.          ) | C.A. No. 05-8 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus filed by a state prisoner, but seeking to challenge the computation of a federal sentence, be construed as a petition under 28 U.S.C. §2241 and be denied.

**II.   REPORT**

Petitioner James C. Carter is a state prisoner currently incarcerated at the State Correctional Institution at Albion, Pennsylvania, serving a state sentence imposed on March 24, 2003, for violation of parole. He files the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 claiming that he is entitled to credit against a federal sentence which he has not begun to serve. The federal sentence of 151 months incarceration was imposed on February 3, 2003, prior to the time that his state parole was officially revoked. The United States Attorney has responded (Docket #6) and argues that the petition is properly filed under 28 U.S.C. § 2241, not § 2254, and is premature, or that the claim lacks merit since the federal sentence was expressly imposed to be served consecutively to any sentence Petitioner would receive for violating his state parole. The petition is now ripe for disposition.

**A.    Subject Matter Jurisdiction**

Although a challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255, a claim concerning the execution of a sentence by federal prison and parole authorities

is properly brought under 28 U.S.C. § 2241.  Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976); Chambers v. Holland, 920 F. Supp. 618 (M.D. Pa. 1996).  The issue here is one of sentence credit.  It is the Bureau of Prisons which determines whether credit is granted, not the sentencing court. United States v. Wilson, 503 U.S. 329, 333-335 (1992).  Because Petitioner is challenging the terms (or execution) of his federal sentence, his habeas petition is properly framed as one arising under § 2241.  Accord Stiver v. Meko, 130 F.3d 574 (3d Cir. 1997).  Petitioner's state sentence is not at issue here, so §2254 cannot be the basis for this Court's jurisdiction.  The Court will, therefore, interpret the instant petition as one filed under 28 U.S.C. § 2241.

### B.     Procedural History

Petitioner pleaded guilty to distribution of less than five (5) grams of cocaine on October 15, 2002, in this district before the Honorable Maurice B. Cohill at Criminal No. 02-11E.  He was sentenced on February 3, 2003, as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 151 months to be served **consecutive to any term of imprisonment imposed for violation of parole in state court.**

(Emphasis added).  The Pennsylvania Board of Probation and Parole, acting on a detainer lodged on February 11, 2002, recommitted Petitioner to serve the balance of his unexpired state term of imprisonment on March 24, 2003.  Petitioner is presently serving the state sentence, and has not yet been transferred to federal custody to begin serving his federal sentence.

### C.     Discussion

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his or her claim to federal court.  United States v. Wilson, 503 U.S. 329, 334-335 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States v. Keller, 58 F.3d 884 (2d Cir. 1995); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993).  Here, Petitioner has not been taken into federal custody and,

accordingly, has not yet had the opportunity to follow the Bureau of Prisons' administrative appeal process with respect to the computation of his federal sentence. See 28 C.F.R. Part 542 (Administrative Remedy Procedure through which a federal prisoner may seek formal review of any aspect of his imprisonment). Thus, Respondent is correct that the instant petition is premature. Petitioner may properly raise a challenge to the BOP's calculation of his federal sentence, and the allowance of any credit, after his federal sentence has commenced. He may then appeal any adverse action to this Court only upon his having exhausted available administrative remedies.[1]

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be interpreted as a petition pursuant to 28 U.S.C. §2241, and that it be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: March 8, 2006

---

[1] At least one court has concluded that exhaustion may be excused if it is proven to be futile. Snisky v. Pugh, 974 F.Supp. 817, 819 (M.D.Pa.1997), *rev'd on other grounds,* 159 F.3d 1353 (3d Cir.1998). In Snisky, however, the petitioner asserted futility based upon the fact that he would be released from custody before he could exhaust administrative remedies. No such concern is implicated here. Further, it appears from the explicit text of Judge Cohill's sentencing order that Carter is not entitled to credit against his federal sentence for time spent in state custody. Thus, even if the Court were inclined to consider Carter's claim, it would reject it on the merits.