IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES C. CARTER (petitioner) )
   V. )  C.A. No. 05-8 Erie
UNITED STATES OF AMERICA )  District Judge Cohill
   (respondent) )  Magistrate Judge Baxter

RE: C.A. No. 05-8 Erie

FILED MAR 23 '06 PF2:11

REBUTTAL TO MAGISTRATE JUDGE'S REPORT &
RECOMMENDATION

---

AND NOW COMES, PETITIONER: James C. Carter, pro-se litigant who respectfully object to the Report & Recommendation Rendered by Magistrate Paradise Baxter, on March 8th, 2006 in accordance with the Magistrate Act 28 U.S.C. @ 636(b)(1)(B) and Rule 72.1.4(B) of the Local Rules for Magistrates.

Petitioner avers: That on 8/29/05, he filed a motion for production of document, to the Honorable Judge Maurice B. Cohill Jr. for which judge Cohill denied my request.

The Judge wanted to know why I requested the documents and stated in his reply, that petitioner sentence is to run concurrently with the time, that he is presently doing at S.C.I. Albion, for state violation of parole on a special condition of probation that the petitioner was never informed of from a sentence dating back some fourteen years ago .
Also the state parole board took two years that I had already completed, on parole. Subsequently petitioner had completed his state sentence Jan 16th 2003 of his unexpired term before he was sentenced by Federal Court.

Petitioner had no other sentence to serve after receiving the federal sentence.

B) Petitioner filed 28 U.S.C.A. @ 2255 for the District Court to review P.S.I. Report that stated appellant should receive a sentence of about 57-71 months for crimes charged.

Court appointed attorney Thomas Patton for the defendant, allowed the enhancement of sentence by failing to object to the defected service of U.S. Attorney Marshall J. Piccinni in clear violation of Rule 851 Title 21 of U.S.C.

### HAPHAZARD SERVICE OF RULE 851, Title 21 U.S.C.
### (IN PART)

1) (a) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or entry of a plea of guilty the United States Attorney files an information with the Court ( and serves a copy of such information on the person or counsel for the person stating in writing the previous, conviction to be relied upon.

SEE) Exhibit Petition for Rehearing to Review Sentence, Please
(A)   Incorporate by Reference this Information because it is the genesis of this enhanced sentence.

In the interest of justice would you please consider the information contained in Exhibit (A)

DATE 3-14-06 2006                                      RESPECTFULLY SUBMITTED

(2)

James C. Carter
PRO-SE, PETITIONER

[EXHIBIT]
(a)

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No.: 05-1677

UNITED STATES OF AMERICA

vs.

JAMES C. CARTER

(W.D. PA CRIM. NO. 02-CR-00011)

Present: ROTH, BARRY, SMITH

(Circuit Judges)

**PETITION FOR REHEARING TO REVIEW SENTENCE, EN BANC**

Jurisdiction: Title 18 U.S.C. § 3742 and Title 28 U.S.C. § 1291

Jurisdiction is established by and over final orders,

Judgments of the District Court.

18 U.S.C. § 3742    28 U.S.C. § 1291

James C. Carter, Pro Se

Date: May 27, 2005

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### * FEDERAL QUESTION OF LAW *

(A)  Did the Honorable Judge Maurice Cohill abuse his authority as a matter of law when he used his discretion to sentence defendant James C. Carter outside the Federal Guidelines and in contravention to the Plea-Agreement entered into by the U.S. Attorney, Marshall J. Piccinini and Court Appointed Counsel, Thomas Patton, Esq., for defendant, James C. Carter? Terms for Agreement by Sentencing Guidelines Standards were in the Range of 57 - 71 Moths. The Sentence was enhanced to 151 Months without proper notice or perfected service in violation of 21 U.S.C.A. § 851 (a) (1).

### INEFFECTIVE ASSISTANCE OF COUNSEL

(B)  The Petitioner James C. Carter would like to address the tardiness of Notice of Appeal (Appeal) Counsel Thomas Patton (Esq.) deficient performance for failing to perfect Appeal is the reason of Untimely Response. Attorney Thomas Patton (Esq.) failure to file by Feb. 20, 2005 was a total abandonment of his client. Petitioner James C. Carter prays this Court will not punish him for the mistakes of Mr. Patton (Esq.), and not preclude his Motion for Redress of Unlawful Sentence, because Counsel Patton failure to follow rule 4(a)(b), 4(6) 4(c) Fed. R. App. P.. James C. Carter ask this Honorable Court to not deny him the chance to have the merits of his Motion on enhanced sentence addressed by the Court.
He prays this Court will not let a Formal Rule of

Procedure violated by Thomas Patton (Esq.) stop this Appeal body from viewing Petitioner's Constitutional Right for Redress. By Amendment One Sec: One U.S.C.A. 1 § 1 & 6th Amend.

James C. Carter

*James C. Carter*

May 27th, 2005

(2)

TO: HONORABLE CIRCUIT JUDGES:

I, appellant, James C. Carter, respectfully request that this Court review the sentence imposed by the Honorable Judge Maurice Cohill, of 151 Months, on February 3, 2003.

Petitioner does not in any way attack the guilty plea for which he agreed. Petitioner attacks the enhancement which the Court imposed without jurisdiction. Appellant was not given proper service of Notice Of Intent, appellant received a letter from U.S. Attorney of First Class nature on February 1, 2003, just 48 hours prior to being sentenced on February 3, 2003 in violation of Rules: 32(a)(3)(E) Fed. R. Civ. P. which states: Ample notice was not given Appellant and violates the due process right of the Fifth Amendment. Federal Rule <u>says 7-day</u> notice was not complied with. This is time frame for ample notice, seven days.

Court Appointed Counsel, Thomas Patton, Esq., was ineffective for failing to object to this defective Service of U.S. Attorney, Marshall J. Piccinini, of open violation of 21 U.S.C.A. § 851. James Cater contends that since there must be strict compliance with § 851 (a)(1) requirement of previous conviction. See <u>United States V. Noland</u>, 495 F.2d 529 (5th Cir. 1974) (the failure of the government to file such information deprives the District Court of Jurisdiction to impose an enhanced sentence.

This strict compliance is required of § 851 (a)(1) requirement

*James C. Carter*

of service of the information on the defendant or his counsel and failure to strictly comply with the requirement of service likewise deprives the District Court of Jurisdiction to impose an enhanced sentence. Petitioner's prior motion to Court asserted that the prior conviction relied on to enhance his sentence was fourteen (14) years old and from a State Court. U.S. v. Abuhouran, 161 F.3d 206 (3rd Cir. 1998), says: Contract Law principles apply to enforcement of Plea-Agreement (Crim. Law 273.1 (2)). If defendant is deprived of the benefit of his plea-bargain his plea would be involuntary (Crim. Law 273.1 (2)). Also, the Supreme Court ruled judges alone can't add time to prison sentences. See Blakely V. Washington State, 124 S.Ct. 2531 (2004).

## HAPHAZARD SERVICE OF RULE 851, TITLE 21 U.S.C.

§ 851. Proceedings to establish prior convictions --
      Information filed by United States Attorney

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.
      (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.
                    Affirmation or denial of
                       previous conviction
   (b) If the United States attorney files an information under

*James C. Carter*

this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Denial; written response; hearing

(c)(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failing to make a timely challenge.

## REMEDY REQUESTED

Appellant prays this Honorable Court grant his request for sentence review and correct this injustice of law that was applied erroneously by the Honorable Judge Maurice Cohill and sentence appellant to the 57 - 71 Months the Sentencing Guidelines call for and the terms agreed upon by the parties.

Respectfully submitted

*James C. Carter*
James C. Carter

May 27, 2005

**DPS-206**                                                                                                    **April 14, 2005**
## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
C.A. No. <u>05-1677</u>

UNITED STATES OF AMERICA

v.

JAMES C. CARTER,
Appellant

(W. D. Pa. Crim. No. 02-cr-00011)

Present: ROTH, BARRY and SMITH, <u>Circuit Judges</u>

      Submitted are:

    (1)    The foregoing appeal by the Clerk for possible dismissal due to a jurisdictional defect; and

    (2)    The appellant's notice of appeal, which may be construed as a request for a certificate of appealability

      in the above-captioned case.

                              Respectfully,
                              Clerk

MMW/SR/dmm

_____ORDER_____

        In February 2003 Carter was sentenced, *inter alia*, to 151 months' imprisonment. This Court affirmed and the Supreme Court denied Carter's certiorari petition. Meanwhile, in March 2003, while his appeal was pending, Carter filed a motion to amend his sentence alleging ineffective assistance of counsel but also stating that if the motion interfered with his appeal in any way the court should "retract" it. By order dated March 17, 2003, but not entered until November 14, 2004, the District Court denied the motion in light of Carter's pending appeal. On February 25, 2005, Carter filed a notice of appeal dated February 23, 2005.

        Pursuant to Fed. R. App. P. 4(a)(1)(B) Carter's notice of appeal was due within sixty days of entry of the District Court's order. The record does not indicate that any of


DPS 206
United States v. Carter
No. 05-1677
Page 2

✱ the grounds for extending deadline as set forth in Rule 4 (e.g. Rules 4(a)(4)-(6) and 4(c)) ✱ applies, and Carter has not provided other reasons for excusing the delay. His appeal is therefore dismissed as untimely. Browder v. Director of Dep't of Corrections, 434 U.S. 257, 264 (1978) (time periods prescribed for filing a notice of appeal are "mandatory and jurisdictional").

By the Court,

/s/ D. Brooks Smith
Circuit Judge

Dated: May 17, 2005
DMM/cc: James C. Carter
       Laura S. Irwin, Esq.
       Christian A. Trabold, Esq.

CERTIFICATE OF SERVICE

I, James C. Carter, hereby certify that true and correct copies of the attached PETITION FOR REHEARING TO REVIEW SENTENCE, NUNC PRO TUNC were served upon the persons listed below via first class mail on this 27th day of May, 2005. I certify that this document was given to prison officials on May 27, 2005 for forwarding to Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Sec. 1746.

Marcia M. Waldron, Clerk, _____ copies
   and one copy to Judge Roth, Judge barry,
   and Judge Smith, each, at:
Office of Clerk
United States Court of Appeals
   for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106


Marshall J. Piccinini, A.U.S.A.G. (One Copy)
17 South Park Row
Room A. 330
Erie, PA 16501

*James C. Carter*
James C. Carter, GB-7479, Pro Se
SCI-Albion
10745 Rt. 18
Albion, PA 16475-0002